IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN SPURLIN | CRIMINAL ACTION FILE NO.<br><br>1:13-CR-304-TWT-JKL-4 |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Pending before the Court are Defendant Juan Spurlin's Motion for Bill of Particulars [Doc. 38] and Motion to Dismiss for Pre-Indictment Delay [Doc. 39]. The government opposes the motions [Doc. 49 (response to motion for bill of particulars); Doc. 48 (response to motion to dismiss)], and Spurlin has filed replies [Doc. 55 (reply in support of motion for bill of particulars); Doc. 54 (reply in support of motion to dismiss)]. For the following reasons, it is **ORDERED** that Spurlin's motion for a bill of particulars be **DENIED**, and it is **RECOMMENDED** that his motion to dismiss be **DENIED**.

**I.    MOTION FOR BILL OF PARTICULARS**

On October 27, 2015, a federal grand jury sitting in the Northern District of Georgia returned a Second Superseding Indictment charging Spurlin with

conspiracy to commit wire fraud (Count One) and four counts of wire fraud (Counts Six, Seven, Eight, and Nine). [Doc. 12.] Spurlin was arrested on those charges on October 27, 2017. [Doc. 34.]

According to the Second Superseding Indictment, beginning in September 2009 and continuing until at least February 2011, Spurlin and others established merchant services accounts using personal identifying information of victims and used credit cards and stolen credit cards to make payments to the fictitious merchant services accounts. [Doc. 12 at 2-3.] Those funds were then allegedly routed to bank accounts under the control of members of the conspiracy, including Spurlin. [*Id.* at 3.] The indictment specifically identifies four transactions that occurred on November 1 and 3, 2010, in which Spurlin, allegedly aided and abetted by another member of the alleged conspiracy, caused funds to be transferred from a merchant services company to a Bank of America account held by Spurlin. [*Id.* at 6.] The indictment includes the date and amount of each transaction, the merchant services account at issue, the individuals allegedly involved, and the Bank of America account into which the funds were transferred. [*Id.*]

Spurlin requests that with respect to the conspiracy count (Count One), the government "state with specificity what Mr. Spurlin's knowledge or participation

was regarding each of the alleged offenses, and identify any facts or allegations linking him to those offenses, including: (A) wire fraud; (B) financial institution fraud; (C) fraud and related activity in connection with electronic transmissions of money; [and] (D) conspiring and agreeing with individuals to obtain money or access to money." [Doc. 38 at 2.] Spurlin also requests the government "identify how and when Mr. Spurlin committed any act and/or agreed with a conspirator in the conduct or furtherance of the affairs of the enterprise to commit any act, and identify any evidence supporting those allegations including: (A) obtaining money from financial institutions; (B) establishing merchant accounts; [and] (C) devising a scheme to defraud financial institutions." [*Id.* at 2-3.] Finally, Spurlin requests the government "identify specifically how Mr. Spurlin aided and abetted co-defendants, and identify any evidence specifically relating to those acts committed by Mr. Spurlin including: (A) obtaining money from financial institutions; (B) establishing merchant accounts; [and] (C) devising a scheme to defraud financial institutions." [*Id.* at 3.]

The government responds that Spurlin's motion for a bill of particulars is moot because the government has provided all "requested information," including information not otherwise discoverable under Federal Rule of Criminal Procedure

16.  [Doc. 49 at 1.]  Specifically, the government states that it "allowed defense counsel to inspect all bank documents and other tangible evidence in its control," as well as summary charts and tables that the government created.  [*Id.* at 2.]  The government represents that those documents show the exact bank accounts that Spurlin allegedly used, the dates of specific deposits and withdrawals, the credit card processor that was used, and "other information relevant to the government's case."  [*Id.*]  Counsel for the government, FBI agents, and IRS agents also met with defense counsel to discuss the government's theory of the case.  [*Id.*]

In reply, Spurlin states that his counsel requested copies of certain materials that the government made available, but despite the government's agreement to provide copies of the materials to counsel, counsel has still not received the requested material.  [Doc. 55 at 2.]  Spurlin therefore reiterates his requests set forth in his motion.  [*Id.*]

Federal Rule of Criminal Procedure 7(f) explains that:

> The court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.  The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. *Id.* (citing *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986); *see also United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990).

The indictment here sets forth sufficient detail to put Spurlin on notice of the nature of the charges pending against him, in that it provides a detailed description of the matter and means by which he and other co-conspirators allegedly carried out the alleged scheme, when specific transactions occurred, who was involved in the transactions, the precise amount of the transactions, which merchant accounts were involved, the bank accounts into which funds were transferred, and the

holders of the recipient bank accounts.  [*See* Doc. 12 at 3-6.]  The additional information that Spurlin requests is evidentiary detail to which he is not entitled by way of a bill of particulars.  "'[T]he view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; the exact time and place of overt acts and the names and addresses of persons present; the details concerning how and when the conspiracy was formed or when each participant entered the conspiracy.'"  *United States v. Abdi*, No. 1:13-CR-00484-JEC-RGV, 2014 WL 3828165, at \*8 (N.D. Ga. Aug. 4, 2014) (quoting *United States v. Upton*, 856 F. Supp. 727, 753 (E.D.N.Y. 1994)).  Likewise, Spurlin is not entitled to an accounting of every additional overt act done in furtherance of the conspiracy.  *United States v. Goldenshtein,* No. 1:10-CR-00323-TCB, 2011 WL 1321573, at \*13 (N.D. Ga. Feb. 22, 2011) ("A bill of particulars cannot be used to ferret out additional overt acts not listed in the indictment, as long as the indictment alleges the required number of overt acts under the statute being charged.") (citing *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)).

It also appears that much of the detail concerning the government's case has been made available to defense counsel—including through Rule 16 discovery and other information, demonstrative aids, and a "reverse proffer."  Indeed, it appears

6

that Spurlin has had access not only to the government's entire file, but also to the agents investigating this case. That said, the Court is troubled that defense counsel has apparently not received copies of documents that she selected during her review sessions and which the government agreed to provide. [*See* Doc. 55 at 2.] The Court therefore **DIRECTS** the government to provide the requested materials within **five (5)** business days of the entry of this order, if such materials have not yet been provided.

In sum, the Court finds that Spurlin has failed to carry his burden to show that additional details are necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. *See United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y. 2004) (citation omitted) ("The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense."). Accordingly, Spurlin's motion for a bill of particulars [Doc. 38] is **DENIED**.

## II.    MOTION TO DISMISS FOR PRE-INDICTMENT DELAY

Spurlin separately moves to dismiss the Second Superseding Indictment on the ground that prejudicial pre-indictment delay violated his Fifth Amendment right to due process. [Doc. 39.] To establish a due process violation based on the

government's delay in bringing an indictment, even where it was filed within the applicable statute of limitations, the defendant must "establish both (1) that the delay actually prejudiced his defense and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him." *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016). Spurlin has not carried his burden to make either showing here.

As to the first factor—a substantial prejudice to the defense—Spurlin generally asserts that the six to seven year gap between his alleged criminal activity and his arrest "undoubtedly impacts" his ability to defend against the charges against him in his case because records of deposits that "could potentially exculpate him" have been lost or destroyed; memories have dissipated; and material evidence "may have been lost and [now is] impossible to retrieve." [Doc. 39 at 3-4.] He argues that he no longer possesses his bank records from the pertinent time period, and that Bank of America "has, in all likelihood, destroyed much of its paper records that pertain to specific transactions that are the subject of the instant indictment." [Doc. 54 at 3.] He goes on to identify records that would be relevant to his defense that he no longer possesses, including signed deposit slips, signature cards, signed credit application forms, and online bank applications, and contends

that those documents would demonstrate that others "could have been using his account without his authority and could serve to exculpate him" in this case. [*Id.* at 3-4.]

Spurlin's arguments are not persuasive. He has not established that records pertinent to the charges in this case have, in fact, been destroyed or are no longer available. Although he contends that he personally no longer possesses certain bank account records, he merely speculates that Bank of America has destroyed the account records.[1] But even if some bank records were no longer available to Spurlin, he has not demonstrated that the lack of documents would cause substantial prejudice. He contends only that missing bank records *could* serve to exculpate him because they *might* show that someone else was using his bank account without authority. He offers no explanation as to how the purported missing documents would exculpate him, or even whether there is a plausible basis for his theory that someone else commandeered his bank account. Finally, Spurlin's abstract concern that memories may have faded over time does not

---

[1] Indeed, Spurlin's conclusion that he has been prejudiced is condition by the preface, "[i]n the even the records have been destroyed," making it clear that he merely speculates he has been prejudiced, but as of yet, has conducted no diligence to determine whether the records still exist. [Doc. 54 at 4.]

9

provide a basis for finding actual prejudice. Spurlin does not specify what evidentiary gaps might arise due to witness's inability to recall events from years past. Indeed, it is not clear whether or to what extent either the government or the defense will depend on eyewitness accounts of witnesses or cooperators, as the case is largely document-dependent. A defendant must demonstrate actual prejudice and "not merely the real possibility of prejudice inherent in any extended delay." *Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985) (quoting *United States v. McGough*, 510 F.2d 598, 604 (5th Cir.1975)). Spurlin's general allegations of possible lost witnesses or the failure of memories is insufficient to show actual prejudice to his ability to provide a meaningful defense. *United States v. Warren*, 772 F.2d 827, 836 (11th Cir.1985). As a result, Spurlin has not carried his burden to demonstrate that any delay in this case caused substantial prejudice to his defense.

Nor has Spurlin met the second showing that "the pre-indictment delay was the product of deliberate design by the government to gain a tactical advantage over him." *Farias*, 836 F.3d at 1325. Spurlin mainly argues that the government has offered no justification for the delay. [Doc. 54 at 5.] To the contrary, the government has explained that in 2015, Spurlin was superseded into a prior

indictment after investigation showed that he was allegedly part of a financial fraud scheme. [*See* Doc. 48 at 4.] Spurlin does not rebut this explanation.[2] In any event, it is not the government's burden to justify the delay; rather, it is the defendant who make the showing that the government intentionally caused the delay to gain a tactical advantage. *See United States v. Thomas*, 62 F.3d 1332, 1339 (11th Cir. 1995) (noting that the government does not have the burden of articulating a reason for the delay).

Spurlin also suggests in passing that the he can satisfy his showing of intentional delay by demonstrating that the government acted recklessly. [Doc. 54 at 4.] Spurlin bases his argument on a footnote in *United States v. Lovasco*, 431 U.S. 783 (1977), where the Supreme Court quoted the following statement in the government's appellate brief in that case: "A due process violation might also be made out upon a showing of prosecutorial delay incurred in reckless disregard of

---

[2] Instead, Spurlin attempts to hand-wave away the explanation, noting that the government's only justification for delay "was merely [to] identify[] persons involved in the offense." [Doc. 54 at 5.] Contrary to Spurlin's suggestion, the government's need for additional investigation is in fact a recognized justification for delay. *See United States v. Benson*, 846 F.2d 1338, 1342 (11th Cir. 1988) ("[A]ny prejudice asserted by a defendant must be balanced against the government's need for an investigative delay.") (citing *United States v. Brand*, 556 F.2d 1312, 1317 n.7 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978).

11

circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense." *Lovasco*, 431 U.S. at 795 n.17. The Eleventh Circuit, in *Benson,* 846 F.2d at 1341 n.3, however, treated that footnote as dicta, and there is no indication that the Eleventh Circuit has expanded the test to include a reckless disregard standard. In addition, based on *Benson*, district courts in this circuit have declined to expand the intent requirement for pre-indictment delay to include recklessness. *See, e.g., United States v. Orum*, No. CRIM.A. 2:12CR57-MHT, 2012 WL 5382843, at *2 (M.D. Ala. Nov. 2, 2012); *see also United States v. Stoll*, No. 10-60194-CR, 2011 WL 939251, at *12 (S.D. Fla. Feb. 16, 2011) ("[T]he 'reckless disregard' test . . . has not been adopted—but rejected—by the Eleventh Circuit."), *report and recommendation adopted*, 2011 WL 765949 (S.D. Fla. Feb. 25, 2011). I find those cases persuasive, and choose to follow them here. But even if a defendant could meet his burden by showing that the government acted with reckless disregard, the result in this case would be the same, as Spurlin has not made a colorable showing that the government was reckless with respect to the timing of the indictment in this case, or that the timing of the indictment had any bearing on the government's desire to obtain a tactical advantage.

Accordingly, the Court finds that Spurlin has not met his burden to show that he was prejudiced or that the government sought a tactical advantage by delaying the indictment. It is therefore **RECOMMENDED** that Spurlin's motion to dismiss [Doc. 39] be **DENIED**.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Spurlin's Motion for Bill of Particulars [Doc. 38] be **DENIED**. The government is nonetheless **DIRECTED** to provide copies of the materials that defense counsel selected for copying within **five (5)** business days. It is also **RECOMMENDED** that Spurlin's Motion to Dismiss for Pre-Indictment Delay [Doc. 39] be **DENIED**.

There are no matters pending before me for this defendant, and I have not been advised of any impediments to the scheduling of a trial. Accordingly, this case is **CERTIFIED READY FOR TRIAL**.

IT IS SO ORDERED and RECOMMENDED, this 27th day of February, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge